**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LEONARD S. WOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No: 19 CV 7122** |
| | ) | |
| vs. | ) | |
| | ) | |
| **NETWORK MEDICAL REVIEW LTD a/k/a** | ) | |
| **EXAMWORK, LLC.,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

**COMPLAINT**
**AS AND FOR A FIRST COUNT OF ACTION**
**(Title VII-RACE DISCRIMINATION)**

**NATURE OF THE ACTION**

1.      This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1990 ("ACT"), for the Defendant, **NETWORK MEDICAL REVIEW LTD a/k/a EXAMWORK, LLC., ("NMR"** or "Defendant"), having subjected Plaintiff, **LEONARD S. WOOD**, hereinafter (**"WOOD"** or "Plaintiff") to race discrimination (disparate treatment), despite WOOD complaints about same.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3.      The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Eastern Division.

**PARTIES**

4. WOOD is a Caucasian male who is a resident of Rockford, Winnebago County, Illinois.

5. WOOD was an employee of NMR from July 23, 2012 until his wrongful termination on December 3, 2018.

6. At all times relevant, NMR is a corporation organized under the laws of the State of Illinois and doing business in other states.

7. NMR is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

8. This action brought against the Defendant, NMR having subjected Plaintiff, WOOD to race discrimination by failure to treat him the same as non-Caucasian employees and allowing him to be subjected to racial treatment despite WOOD complaints about same, as he was subject to increased scrutiny at his worksite.

9. Defendant by its action or actions of its agents, prior to WOOD's termination, agents of NMR caused a hostile work environment and unreasonably interfered with the terms and conditions of Plaintiff's employment and performance in his job and discipline, as compared to non-Caucasian employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

10. By reason of the race discrimination and disparate treatment by Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all adding to his damage.

11. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

2

12.     Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC) in January 7, 2019. Those charges were timely filed, under the ACT. (See Exhibit "A")

13.     On July 29, 2019, Plaintiff was sent a notice from the EEOC of his right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(**TITLE VII SEX DISCRIMINATION**)

14.     Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15.     This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1990, 42 U.S.C. 2000(e) *et seg*., for WOOD having subjected WOOD to sex discrimination by failure to treat him the same as female employees despite WOOD's complaints about same.

**STATEMENT OF CLAIMS**

16.     Beginning in 2014 through December 3, 2019, his immediate supervisors treated the female employees to less scrutiny and better terms and conditions of employment than they did with WOOD. Further, WOOD's supervisor knowingly treated WOOD differently than female employees whose performance which were the same as, or less than that of WOOD.

17.     NMR intentionally subjected WOOD to unequal, hostile and discriminatory treatment by discriminating and harassing WOOD based on his sex and holding him to a higher standard of performance than female employees.

18.     By engaging in discriminatory conduct, NMR discriminated against WOOD in violation of 42 U.S.C. 2000(e) as amended.

19. The discriminatory action of NMR as set forth above has caused WOOD to suffer loss of earnings, and as a further proximate result of NMR's unlawful and intentional discriminatory actions against WOOD, as alleged above, WOOD has been harmed in that WOOD has suffered in his position, his work environment became impaired and also his work performance.

20. As a further proximate result of NMR's unlawful and intentional discriminatory actions against WOOD, as alleged above, WOOD has been harmed in that WOOD has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

21. All the above are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by inter alia the Civil Rights Act of 1990.

23. As a result of such discrimination and consequent harm, WOOD has suffered such damages in an amount according to proof.

22. Further, said action on the part of the NMR was done with malice and reckless disregard for WOOD's protected rights.

## AS AND FOR A THIRD CAUSE OF ACTION
### (DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)

### NATURE OF ACTION

23. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1990 to correct unlawful employment practices on the basis of disability (handicap) by NMR taken against WOOD, a qualified individual with a disability, to make him whole for said unlawful practices.

### JURISDICTION AND VENUE

24. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

4

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12111, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(A) . The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

25. WOOD repeats and realleges each and every allegation set forth above with the same force and effect as more fully.

26. WOOD is an employee within the meaning of the ADA and has been at all times material to the allegations herein.

27. NMR is an employer as that term is defined under the American Disability Act at all times material to the allegations herein and WOOD has permanent disabilities (mental impairment) that substantially limits one or more of his major life activities, but said disability is not related to his ability to perform the essential functions of his assigned duties with NMR.

### STATEMENT OF CLAIMS

28. Despite NMR listing itself as an equal employment company and having a company policy against Discrimination to the disabled, NMR intentionally discriminated against WOOD because of WOOD's disability.

30. WOOD is a "qualified individual with a disability" within the meaning of the ADA because he can perform the essential functions of the job that he holds in the employ of the NMR.

31. WOOD, due to his disability was treated differently and subjected to a hostile work environment, which included being subjected to heavier workloads and increased scrutiny than other employees without disabilities

5

32.     The discriminatory action of NMR as set forth above has caused WOOD to suffer emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, WOOD prays for judgment as follows:

1.      Declare the conduct engaged in by NMR to be in violation of WOOD'S rights;

2.      For injunctive relief, including reinstatement, but not limited to, and relief required to make WOOD whole for any losses caused by the violations of NMR and protect him from further mental and physical harm;

3.      For compensatory damages in an amount according to proof;

4.      For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a) which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5.      For such other and further relief as the court deems proper.


LEONARD S. WOOD

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney


Michael T. Smith #6180407IL
10 N. Martingale Rd.
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099